[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14948
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00078-CG-M

MARILYN K. SHUMATE,

Plaintiff-Appellant,

versus

SELMA CITY BOARD OF EDUCATION,
JOE J. PETERSON,

Defendants-Appellees,

SELMA CITY SCHOOL SYSTEM,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(August 28, 2014)

Before HULL, ANDERSON and COX, Circuit Judges.

PER CURIAM:

In this employment discrimination case, Marilyn Shumate (the Plaintiff) appeals the district court's grant of summary judgment in favor of the Selma City School System (the "Board") and Principal Joe Peterson (the Defendants).[1] Shumate's suit includes claims for: racial discrimination in violation of Title VII; racial discrimination in violation of 42 U.S.C. § 1981; age discrimination in violation of the Age Discrimination in Employment Act; age discrimination in violation of the Alabama Age Discrimination in Employment Act; retaliation in violation of Title VII; retaliation in violation of 42 U.S.C. § 1981; and a variety of state law claims not relevant on appeal.  Because Shumate has not shown that the district court erred, we affirm.

## I. Facts and Procedural History

We write primarily for the parties, so we recount the facts only briefly. Shumate worked for the Board in the cafeteria at Edgewood Elementary.  She applied for a cafeteria manager position at the school, but was not awarded the position.  Shumate then filed this lawsuit against the Defendants, alleging that they discriminated against her because of her age and race by denying the promotion. After filing the lawsuit, Shumate applied for a cafeteria manager position at S.P. Kingston Elementary School.  At this time, the Board also considered Shumate for

---

[1] It is far from clear whether Shumate has presented a viable case against Principal Peterson.  Because we affirm the district court's summary judgment order in its entirety, we need not sift through Shumate's shotgun complaint.

2

two other cafeteria manager positions even though she had not applied for them. She was not awarded any of the positions. Shumate subsequently amended her complaint to add additional age and race discrimination claims and new retaliation claims.

The Defendants moved for summary judgment on all claims. Shumate opposed this motion and requested an adverse spoliation inference based on missing files related to her interviews. The district court denied Shumate's motion for an adverse inference because it found that there was no prejudice and that the Defendants did not act in bad faith in losing the file. The district court granted the Defendants summary judgment on Shumate's age and race discrimination claims because she either failed to create a prima facie case or failed to show that the Defendants' proffered non-discriminatory reasons for choosing a different candidate were pretextual. The district court granted summary judgment on Shumate's retaliation claims because Shumate either could not show a prima facie case or could not present evidence for a reasonable jury to find that retaliation was the "but for" cause the Defendants chose a different candidate. Shumate appeals.

## II. Issues on Appeal

Shumate attempts to raise eight issues on appeal; however, Shumate's contentions are best addressed in three issues: (1) whether the district court erred in granting the Defendants summary judgment on her discrimination claims; (2)

3

whether the district court erred in granting the Defendants summary judgment on her retaliation claims; and (3) whether the district court erred by denying her motion for an adverse spoliation inference.

### III. Standard of Review

We review a district court's grant or denial of summary judgment de novo, viewing all evidence in the light most favorable to the non-moving party. *Dolphin LLC v. WCI Cmtys., Inc.*, 715 F.3d 1243, 1247 (11th Cir. 2013). The moving party bears the burden of establishing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* Once the moving party meets this burden, the non-moving party bears the burden of presenting evidence on each essential element of its claim, such that a reasonable jury could rule in its favor. We review a district court's decision regarding spoliation sanctions for abuse of discretion. *Mann v. Taser Inter., Inc.*, 588 F.3d 1291, 1310 (11th Cir. 2009).

### IV. Discussion

**A. The district court did not err by granting the Defendants' motion for summary judgment on the discrimination claims.**

Although Shumate challenges on appeal the district court's grant of summary judgment on her discrimination claims, Shumate does not point to any particular error in the district court's ruling. Instead, Shumate discusses at length the causation standards under age and race discrimination claims. However, the district court did not grant summary judgment based on lack of causation. Rather,

4

the district court granted summary judgment because Shumate either failed to create a prima facie case or failed to show that the Defendants' proffered non-discriminatory reasons for choosing a different candidate were pretextual under the *McDonnell Douglas* burden-shifting framework. Accordingly, Shumate presents no argument supporting a conclusion that the district court's ruling was in error.[2]

**B. The district court did not err by granting the Defendants' motion for summary judgment on the retaliation claims.**

Shumate contends that the district court erred by granting the Defendants summary judgment on the retaliation claims. The district court found that Shumate had failed to make a prima facie case on two of the claims because Shumate never applied for the positions she did not receive. The district court held that the Board's voluntary choice to consider her for these positions contradicted retaliation. On the other claim, the district court found that even if the panel had not considered her lawsuit (the protected conduct) Shumate would not have received the job. Thus, there could be no retaliation under the Supreme Court's holding in *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013).

---

[2] Shumate also contends that her claim should proceed despite failing to meet the burden under the *McDonnell Douglas* burden-shifting framework because there is a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination." Shumate did not make this argument against summary judgment below so it has not been preserved for appeal. To preserve an argument for appeal, the argument must be raised at the trial court if the party has an opportunity to do so. *United States v. Obasohan*, 73 F.3d 309, 310 (11th Cir. 1996).

## 1. Lack of Prima Facie Case

The district court granted the Defendants' summary judgment motion on some claims because the Board had voluntarily considered Shumate for the two positions she did not apply for. Shumate contends that she need not apply for the positions to bring a retaliation claim since the Board considered her for these positions notwithstanding the lack of an application. To establish a prima facie case of retaliation, the plaintiff must demonstrate that: (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse employment action; and (3) there was a causal link between the two. *Dixon v. The Hallmark Co.*, 627 F.3d 849, 856 (11th Cir. 2010). As Shumate notes, an application is not a required element of the prima facie case. But, a causal link is an element. Here, the district court concluded that Shumate had not established a causal link because the Board's voluntary decision to consider her for promotion despite her lawsuit contradicts a causal link of retaliation. On appeal, Shumate emphasizes that the panel members knew of her lawsuit when considering her for a promotion. But, Shumate does not dispute the district court's reasoning. Accordingly, Shumate presents no argument demonstrating that the district court's ruling was in error.

## 2. Failure to Show Causation

The district court granted the Defendants summary judgment because Shumate was unable to present sufficient evidence for a reasonable jury to find that

6

Shumate would be promoted "but for" retaliation. On appeal, Shumate has presented no argument that the district court's decision was erroneous nor has she identified any evidence suggesting that she would have been promoted "but for" retaliation. Instead, Shumate merely repeats her evidence suggesting retaliation. Accordingly, Shumate presents no argument demonstrating that the district court's ruling was in error.

**C. The district court did not err by denying Shumate's motion for an adverse spoliation inference.**

Although Shumate challenges on appeal the district court's denial of her motion for an adverse spoliation inference, Shumate does not point to any particular error in the district court's ruling. Instead, Shumate generally recounts legal authority on spoliation, assumes that the district court's decision is "correct with regard to the imposition of a sanction," and concludes that the district court erred by ignoring "the inferences which can legitimately arise from the destruction of these records . . . and granting summary judgment to Defendants." (Appellant's Br. at 38.) We can make no sense out of this argument because Shumate both assumes that the district court's decision was correct and contends that it was erroneous. Even ignoring this contradiction, Shumate presents no argument demonstrating that the district court abused its discretion by denying the sanction of an adverse spoliation inference.

7

## V. Conclusion

The district court did not err in granting the Defendants' summary judgment motion.  Accordingly, we affirm.

**AFFIRMED.**